PIN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

PC Drivers Headquarters 1, Inc
PC Drivers Headquarters, LP.,
Plaintiffs,

v.

LODSYS, LLC,
Defendant.

Civil Action No. 11-1099
**JURY TRIAL DEMANDED**

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs, PC Drivers Headquarters 1, Inc. and PC Drivers Headquarters, LP ("PC Drivers") hereby allege for their Complaint for Declaratory Judgment against Defendant Lodsys, LLC ("Defendant") on knowledge as to its own actions and on information and belief as to the actions of others, as follows:

### NATURE OF THE ACTION

1. This is an action for a declaratory judgment that PC Drivers do not infringe any valid claim of United States Patent Nos. 5,999,908 ("the '908 patent"), 7,133,834 ("the '834 patent"), 7,222,078 ("the '078 patent") or 7,620,565 ("the '565 patent") (collectively, the "Asserted Patents"), and for a declaratory judgment that the claims of each of the Asserted Patents are invalid.

2. A true and correct copy of the '078 patent is attached hereto as Exhibit A.

3. A true and correct copy of the '834 patent is attached hereto as Exhibit B.

4. A true and correct copy of the '908 patent is attached hereto as Exhibit C.

5. A true and correct copy of the '565 patent is attached hereto as Exhibit D.

### THE PARTIES

6. Plaintiff PC Drivers Headquarters 1, Inc. is a Texas corporation having a place of business at 9433 FM 2244, Building 1, Suite 250; Austin, Texas 78733.

**COMPLAINT FOR DECLARATORY JUDGMENT**

- 1 -

7. Plaintiff PC Drivers Headquarters, LP is a Texas limited partnership having a place of business at 9433 FM 2244, Building 1, Suite 250; Austin, Texas 78733.

8. On information and belief, Lodsys is a Texas limited liability company having a place of business at 800 Brazos Street, Suite 400, Austin, Texas 78701.

9. On information and belief, Mark Small is the Chief Executive Officer and sole employee of Lodsys, residing in the Eastern District of Wisconsin.

## JURISDICTION AND VENUE

10. This action arises under the Patent Laws of the United States, Title 35, United States Code 35 U.S.C. § 1, et seq., and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

11. This action is filed to resolve an actual and justiciable controversy between the parties hereto. Defendant's conduct has put, and continues to put, PC Drivers under a reasonable and serious apprehension of imminent suit alleging that sale, offering and/or use of PC Drivers' products or services infringe the '078 patent, the '908 patent, the '834 patent, and/or the '565 patent. As set forth in paragraphs herein, there is a conflict of asserted rights among the parties and an actual controversy exists between PC Drivers and the Defendant with respect to the infringement, validity and scope of the '078 patent, the '834 patent, the '908 patent and the '565 patent.

12. Upon information and belief, this Court has personal jurisdiction over Lodsys because Lodsys' Chief Executive Officer and sole employee resides in, and conducts business from, this Judicial District.

13. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and/or 1400.

## ALLEGATIONS IN SUPPORT OF DECLARATORY JUDGMENT JURISDICTION

14. PC Drivers reallege and incorporate herein by reference each and every allegation contained in paragraphs 1-13.

15. Through communications and conduct, Defendant has threatened assertion of the '908 patent, the '834 patent, the '078 patent and/or the '565 patent against customers of PC Drivers because of their conducting sales of computer driver update services via the internet.

16. On or about September 20, 2011, Defendant sent a letter to PC Drivers alleging that PC Drivers are infringing at least claim 1 of US 7,222,078 as it relates to PC Drivers' business operations. The September 20, 2011 letter also offered a license to PC Drivers under the '908 patent, the '834 patent, the '078 patent and the '565 patent.

17. As part of the referenced September 20, 2011 letter, Defendant sent PC Drivers an "Infringement Claim Chart" in which Defendant purported to demonstrate PC Drivers' infringement of Claim 1 of the '078 patent. A copy of the September 20, 2011 letter and "Infringement Claim Chart" are included in the attached Exhibit E.

## FIRST CLAIM FOR RELIEF

### Declaratory Judgment of Non-infringement of the '908 Patent

18. PC Drivers reallege and incorporate herein by reference each and every allegation contained in paragraphs 1-17.

19. Based on the above-stated conduct, PC Drivers are informed and believe, and on that basis aver, the Defendant contends that PC Drivers' products and/or services infringe one or more claims of the '908 patent.

20. Accordingly, an actual controversy exists between PC Drivers and the Defendant as to whether or not PC Drivers have infringed, or are infringing the '908 patent; have

contributed to infringement, or are contributing to infringement of the '908 patent; and have induced infringement, or are inducing infringement of the '908 patent.

21. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., PC Drivers are entitled to a declaration, in the form of a judgment, that by their activities PC Drivers have not infringed and are not infringing any valid and enforceable claim of the '908 patent; have not contributed to infringement and are not contributing to infringement of the '908 patent; and/or have not induced infringement and are not inducing infringement of the '908 patent. Such a determination and declaration is necessary and appropriate at this time.

## SECOND CLAIM FOR RELIEF

### Declaratory Judgment of Non-infringement of the '834 patent

22. PC Drivers reallege and incorporate herein by reference each and every allegation contained in paragraphs 1-21.

23. Based on the above-stated conduct, PC Drivers are informed and believe, and on that basis aver, the Defendant contends that PC Drivers' products and/or services infringe one or more claims of the '834 patent.

24. Accordingly, an actual controversy exists between PC Drivers and the Defendant as to whether or not PC Drivers have infringed, or are infringing the '834 patent; have contributed to infringement, or are contributing to infringement of the '834 patent; and have induced infringement, or are inducing infringement of the '834 patent.

25. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., PC Drivers are entitled to a declaration, in the form of a judgment, that by their activities PC Drivers have not infringed and are not infringing any valid and enforceable

claim of the '834 patent; have not contributed to infringement and are not contributing to infringement of the '834 patent; and/or have not induced infringement and are not inducing infringement of the '834 patent. Such a determination and declaration is necessary and appropriate at this time.

### THIRD CLAIM FOR RELIEF

### Declaratory Judgment of Non-infringement of the '078 patent

26. PC Drivers reallege and incorporate herein by reference each and every allegation contained in paragraphs 1-25.

27. Based on the above-stated conduct, PC Drivers are informed and believe, and on that basis aver, the Defendant contends that PC Drivers' products and/or services infringe one or more claims of the '078 patent.

28. Accordingly, an actual controversy exists between PC Drivers and the Defendant as to whether or not PC Drivers have infringed, or are infringing the '078 patent; have contributed to infringement, or are contributing to infringement of the '078 patent; and have induced infringement, or are inducing infringement of the '078 patent.

29. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., PC Drivers are entitled to a declaration, in the form of a judgment, that by their activities PC Drivers have not infringed and are not infringing any valid and enforceable claim of the '078 patent; have not contributed to infringement and are not contributing to infringement of the '078 patent; and/or have not induced infringement and are not inducing infringement of the '078 patent. Such a determination and declaration is necessary and appropriate at this time.

COMPLAINT FOR DECLARATORY JUDGMENT

- 5 -

DALLAS\252403.1
ID\NGM - 065806/0001

Case 2:11-cv-01099-LA   Filed 12/02/11   Page 5 of 12   Document 1

## FOURTH CLAIM FOR RELIEF

### Declaratory Judgment of Non-infringement of the '565 patent

30. PC Drivers reallege and incorporate herein by reference each and every allegation contained in paragraphs 1-29.

31. Based on the above-stated conduct, PC Drivers are informed and believe, and on that basis aver, the Defendant contends that PC Drivers' products and/or services infringe one or more claims of the '565 patent.

32. Accordingly, an actual controversy exists between PC Drivers and the Defendant as to whether or not PC Drivers have infringed, or are infringing the '565 patent; have contributed to infringement, or are contributing to infringement of the '565 patent; and have induced infringement, or are inducing infringement of the '565 patent.

33. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., PC Drivers are entitled to a declaration, in the form of a judgment, that by their activities PC Drivers have not infringed and are not infringing any valid and enforceable claim of the '565 patent; have not contributed to infringement and are not contributing to infringement of the '565 patent; and have not induced infringement and are not inducing infringement of the '565 patent. Such a determination and declaration is necessary and appropriate at this time.

## FIFTH CLAIM FOR RELIEF

### Declaratory Judgment of Invalidity of the '908 patent

34. PC Drivers reallege and incorporate herein by reference each and every allegation contained in paragraphs 1-33.

35. Based on the above-stated conduct, PC Drivers are informed and believe, and on that basis aver, that the Defendant contends that PC Drivers infringe one or more claims of the '908 patent.

36. PC Drivers deny that they, jointly or severally, infringe any valid and enforceable claim of the '908 patent, and aver that the assertions of infringement cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under at least one of 35 U.S.C. §§ 101, 102, 103, and 112.

37. Accordingly, an actual controversy exists between PC Drivers and the Defendant as to the validity of the '908 patent. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., PC Drivers are entitled to a declaration, in the form of a judgment, that the '908 patent is invalid. Such a determination and declaration is necessary and appropriate at this time.

## SIXTH CLAIM FOR RELIEF

### Declaratory Judgment of Invalidity of the '834 patent

38. PC Drivers reallege and incorporate herein by reference each and every allegation contained in paragraphs 1-37.

39. Based on the above-stated conduct, PC Drivers are informed and believe, and on that basis aver, that the Defendant contends that PC Drivers infringe one or more claims of the '834 patent.

40. PC Drivers deny that they, jointly or severally, infringe any valid and enforceable claim of the '834 patent, and aver that the assertions of infringement cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for

disclosure and claiming that must be satisfied for patent validity under at least one of 35 U.S.C. §§ 101, 102, 103, and 112.

41. Accordingly, an actual controversy exists between PC Drivers and the Defendant as to the validity of the '834 patent. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., PC Drivers are entitled to a declaration, in the form of a judgment, that the '834 patent is invalid. Such a determination and declaration is necessary and appropriate at this time.

### SEVENTH CLAIM FOR RELIEF

### Declaratory Judgment of Invalidity of the '078 patent

42. PC Drivers reallege and incorporate herein by reference each and every allegation contained in paragraphs 1-41.

43. Based on the above-stated conduct, PC Drivers are informed and believe, and on that basis aver, that the Defendant contends that PC Drivers infringe one or more claims of the '078 patent.

44. PC Drivers deny that they, jointly or severally, infringe any valid and enforceable claim of the '078 patent, and aver that the assertions of infringement cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under at least one of 35 U.S.C. §§ 101, 102, 103, and 112.

45. Accordingly, an actual controversy exists between PC Drivers and the Defendant as to the validity of the '078 patent. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., PC Drivers are entitled to a declaration, in the

form of a judgment, that the '078 patent is invalid. Such a determination and declaration is necessary and appropriate at this time.

## EIGHTH CLAIM FOR RELIEF

### Declaratory Judgment of Invalidity of the '565 patent

46. PC Drivers reallege and incorporate herein by reference each and every allegation contained in paragraphs 1-45.

47. Based on the above-stated conduct, PC Drivers are informed and believe, and on that basis aver, that the Defendant contends that PC Drivers infringe one or more claims of the '565 patent.

48. PC Drivers deny that they, jointly or severally, infringe any valid and enforceable claim of the '565 patent, and aver that the assertions of infringement cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under at least one of 35 U.S.C. §§ 101, 102, 103, and 112.

49. Accordingly, an actual controversy exists between PC Drivers and the Defendant as to the validity of the '565 patent. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., PC Drivers are entitled to a declaration, in the form of a judgment, that the '565 patent is invalid. Such a determination and declaration is necessary and appropriate at this time.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs PC Drivers pray for a judgment as follows:

1. For a declaration that assertions of infringement of the '908 patent cannot be maintained consistently with statutory conditions of patentability and the statutory requirements

for disclosure and claiming that must be satisfied for patent validity under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

2. For a declaration that the claims of the '908 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

3. For a declaration that their products and services do not infringe any valid claim of the '834 patent;

4. For a declaration that assertions of infringement of the '834 patent cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

5. For a declaration that the claims of the '834 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

6. For a declaration that their products do not infringe any valid claim of the '078 patent;

7. For a declaration that assertions of infringement of the '078 patent cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

8. For a declaration that the claims of the '078 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

9. For a declaration that their products do not infringe any valid claim of the '565 patent;

10. For a declaration that assertions of infringement of the '565 patent cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

11. For a declaration that the claims of the '565 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

12. For a preliminary and permanent injunction enjoining and restraining Defendant and its respective officers, partners, employees, agents, parents, subsidiaries or anyone in privity with them, and all persons acting in concert with them and each of them:

   a. from making any claims to any person or entity that any product of PC Drivers infringe the '908 patent, the '834 patent, the '078 patent and/or the '565 patent;

   b. from interfering with, or threatening to interfere with the manufacture, sale, or use of any PC Drivers' products by PC Drivers, their customers, distributors, predecessors, successors or assigns; and

   c. from instituting or prosecuting any lawsuit or proceeding, placing in issue the right of PC Drivers, their customers, distributors, predecessors, successors or assigns, to make, use or sell products which allegedly infringe the '908 patent, the '834 patent, the '078 patent and/or the '565 patent.

13. For an award to PC Drivers of its reasonable attorneys' fees and costs of suit incurred herein; and

14. For such other and further relief as the Court may deem proper

## JURY DEMAND

Plaintiffs respectfully request a trial by jury.

Respectfully Submitted,

/s/ Renee L. Zipprich
David G. Henry, Sr.
Texas Bar No. 09479355
Renee L. Zipprich
Illinois Bar No. 6280104
DYKEMA GOSSETT, PLLC
1717 Main Street, Ste. 4000
Dallas, Texas 75201
(214) 462-6439
(214) 462-6401 (Fax)
dghenry@dykema.com

**ATTORNEYS FOR PC DRIVERS HEADQUARTERS 1, INC. AND PC DRIVERS HEADQUARTERS, LP**